UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO: 8:19-CR-00091-MSS-AAS

UNITED STATES OF AMERICA

V.

KIEBER OSBALDO ROBLERO MACIAS
_____/

**SENTENCING MEMORANDUM**

COME NOW, the Defendant, KIEBER OSBALDO ROBLERO MACIAS, by and through his undersigned counsel, hereby files this his Sentencing Memorandum.

**I. Procedural History**

Mr. KIEBER OSBALDO ROBLERO MACIAS was charged by Indictment and pled guilty to Count One to the offense of Conspiracy to Possess With Intent to Distribute Five Kilograms or More of Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§70503 (a); 70506 (a) and (b) and Title 21 U.S.C.S. 960(b)(1)(B)ii.

**II. Factual Background**

Factually, Mr. Macias is a 50 year-old Hispanic male born in Santa Ana, Ecuador. He grew up experiencing extreme poverty. As a young child his father

suffered a debilitating stroke that left him totally disabled. The result of which required KIEBER OSBALDO ROBLERO MACIAS to begin working at the age of seven (7) to help provide for his parents and four (4) siblings. The shack he lived in did not have any utilities and often the family went without food and proper clothing.

KIEBER OSBALDO ROBLERO MACIAS is currently married to Jenny Teresa Alarcon Rivera and they resided together in Manta, Ecuador in a $50 a month shack until her eviction for non-payment of the rent resulting from KIEBER OSBALDO ROBLERO MACIAS' current incarceration.

Both KIEBER OSBALDO ROBLERO MACIAS and his wife Jenny Teresa Alarcon Rivera suffer from a deadly and incurable illness. While it is never a justification or excuse to break the law, it is nevertheless understandable how Mr. KIEBER OSBALDO ROBLERO MACIAS would agree to take part in a drug deal to help pay for his and his wife's medical treatment.

As soon as law enforcement interviewed Mr. KIEBER OSBALDO ROBLERO MACIAS he immediately confessed and expressed remorse for his actions. He explained he was paid $5,000.00 up front from which he paid $1,000.00 as a finder fee to the person who recruited him.

Based upon the total amount of drugs involved the United States Probation Officer calculated Mr. Rodriguez's base offense level to be 38 (PSR 8 ¶ 29). With a 2 level safety valve reduction pursuant to U.S.S.G. 2D1.1(b)(18) (PSR 8 ¶ 30), a 2 level reduction for acceptance of responsibility pursuant to U.S.S.G. 3E1.1 (a) (PSR 8 ¶ 36) and a one (1) level reduction for timely notification of intent to plead guilty pursuant to U.S.S.G. 3E1.1 (PSR 8 ¶ 37) they calculated his total offense level to be 33. PSR 8 ¶ 38 and PSR 12 ¶ 68. This calls for a recommended guideline sentence of 135 to 168 months imprisonment.

### III. Request for a mitigating role adjustment pursuant to U.S.S.G. §3B1.2

In the PSR, the United States Probation Officer fails to identify any factors warranting a departure from the guidelines. Mr. KIEBER OSBALDO ROBLERO MACIAS, however, submits that he is eligible for a mitigating role adjustment, pursuant to U.S.S.G. § 3B1.2, which provides:

> Based on the defendant's role in the offense, decrease the offense level as follows: (a) If the defendant was a minimal participant in any criminal activity decrease by 4 levels. (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels.

We believe he qualifies as minor participant, i.e., characteristic of a defendant "who is less culpable than most other participants in the criminal activity." § 3B.1.2 cmt. App. N. 5.

Before 2002, when Amendment 640 was issued, amending U.S.S.G. § 3B1.2., the Sentencing Commission has been concerned that "the guidelines pertaining to drug offenses do not satisfactorily reflect the culpability of certain offenders… [The] base offense levels derived from the Drug Quality Table in § 2D1.1 overstate the culpability of certain drug offenders who meet the criteria for a mitigating role adjustment under § 3B1.2." U.S.S.G. Amendment 640. For this reason, the Commission modified the Drug Quantity Table in §2D1.1 as follows:

> 2D.1.1(a)(5) the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34 or level 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels. If the resulting offense level is greater than level 32 and the defendant receives the 4-level ("minimal participant") reduction in §3B1.2(a), decrease to level 32.

**A. U.S.S.G. §3B1.2 as amended on November 1, 2015**

Since issuing Amendment 640 in 2002, the Commission has continued to be concerned about the improper under-application of the mitigating role adjustment. They concluded that the adjustment continues to be applied "inconsistently and *more sparingly than the Commission intended."* U.S.S.G. Amendment 794 (emphasis supplied). Largely to encourage application of the

adjustment to greater numbers of low-level offenders, the Commission issued Amendment 794, effective November 1, 2015.

The most important change to the guideline was the addition of application note 3(c) which includes "a non-exhaustive list of factors" for the court to consider in determining whether to apply a mitigating role adjustment and, if so, the extent of the adjustment." All five of the listed factors have positive implications for Mr. KIEBER OSBALDO ROBLERO MACIAS :

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 App. N.3 (C).

The criteria in factors (i) through (v) focus on the defendant's understanding, planning/organizing function, decision-making authority, responsibility, discretion and financial gain. Mr. KIEBER OSBALDO

ROBLERO MACIAS exercised none of these attributes. Mr. KIEBER OSBALDO ROBLERO MACIAS had no clue as to the scope or structure of the criminal activity. He had no idea who he was to meet or even how to get there. He was not involved in acquiring drugs, arranging for their distribution, or scheduling the times and places for their movement. With respect to decision-making authority, responsibility, and discretion, these were simply not part of the job. He was not the captain. He was taking orders from the others. He never drove the go-fast vessel or operated the GPS. He never touched the phone or handled the radio. He just did what he was told to do. With respect to the money he was paid, it was no more than a meager sum in comparison to the total value of the drugs.

In short, Mr. KIEBER OSBALDO ROBLERO MACIAS' role was "perform[ing] a limited function in the criminal activity." U.S.S.G. §3B1.2 App.N. 3(A). As the Application Note states, "[A] defendant who is convicted of a drug trafficking offense whose participation in that offense was limited to **transporting** or storing drugs…*may receive an adjustment under this guideline.*" *Id.* (emphasis supplied).

**B. Distinguishing co-defendants' roles**

Mr. KIEBER OSBALDO ROBLERO MACIAS was not in charge of this smuggling operation. He never drove either of the go-

fast vessels. He was not in charge of the navigation. The captain of the go-fast vessel that left South America was Carlos Eduardo Francor Pico. The caption of the Mexican go-fast vessel was Jesus Martinez-Soto. He knows nothing about navigation, or how to read a GPS. He was nothing more than a very cheap drug mule.

**C. Culpability compared to the "average participant"**

The fundamental requirement for the minor role adjustment is that, "based on the totality of the circumstances," the defendant's role in the offense "makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 App. N. 3 (A). It is clear that, compared with all other known participants; Mr. KIEBER OSBALDO ROBLERO MACIAS was "substantially less culpable" than all other participants. He was not directly connected with the larger drug organization; he had no authority or knowledge of anything. He was simply hired to assist the co-defendants. Whether compared with all the participants in the larger drug conspiracy or only with his co-defendants, he qualifies for the 2-level minor role adjustment.

In view of Mr. KIEBER OSBALDO ROBLERO MACIAS' minor and subordinate role in the conspiracy, it is respectfully submitted he is entitled to a 2-level minor role reduction. Accordingly, he should be assessed a total offense

level of 27 criminal history category I. This provides for a guideline range of 70 to 87 months.

## IV. Disparity of Sentence

Jasiel Omar Ayala-Torres a co-conspirator in this case recently received a sentence of 60 months incarceration. Mr. Jasiel Omar Ayala-Torres was found guilty of 2 counts. He was from the second go-fast vessel that rammed the Coast Guard Boarding Team, threw cocaine overboard and set the vessel ablaze endangering the lives of the Coast Guard and crew. In contrast to Mr. KIEBER OSBALDO ROBLERO MACIAS who entered into a plea agreement, was adjudicated guilty of only one (1) count, and was lying on the vessel floor board the entire time the second go-fast vessel and its crew were attempting to avoid apprehension.

Furthermore, Mr. KIEBER OSBALDO ROBLERO MACIAS immediately acknowledged his guilt and involvement. It was his entering into a plea agreement with the government and his cooperation that was the impetus for the other defendants to change their plea. Accordingly, we anticipate the filing of a 5K1 motion by the United States Government.

## V. Application of 18 U.S.C. § 3553(a)

Mr. KIEBER OSBALDO ROBLERO MACIAS regrets his commission of a serious federal crime and understands the need for punishment. He submits,

however, that the nature and circumstances of his offense, his personal history and characteristics, weigh in favor of a sentence significantly less than suggested by the Department of Probation.

**The Purposes of Sentencing**

Section 3553(a)(2) sets forth the purposes of sentencing, which can be summarized as:

    (1) just punishment;

    (2) deterrence;

    (3) protection of the public; and

    (4) rehabilitation.

**Just Punishment**

Mr. KIEBER OSBALDO ROBLERO MACIAS' conduct, in a conspiracy to distribute illegal drugs, was a violation of law and must be justly punished in a way that constitutes appropriate retribution and promotes respect for the law. A forty-eight (48) month guideline sentence will demonstrate to him and to other offenders, and to the public that such conduct is reprehensible and heavily punished under the law.

**Deterrence**

As for specific deterrence: Mr. KIEBER OSBALDO ROBLERO MACIAS is not among those offenders—if indeed, such exist—for whom crime is an acceptable way of life and for whom reoffending is inevitable. His one time involvement in crime was related directly to his poverty and illness. Forty-eight (48) months of incarceration with the inability to support his family is more than adequate for this purpose. As for general deterrence: By any standard, 48 months in federal prison is severe enough to dissuade others from committing similar crimes.

**Protection of the Public**

Other than this one bad decision Mr. KIEBER OSBALDO ROBLERO MACIAS has never been, and is not now, a threat to the safety or wellbeing of the public. This consideration requires no additional period of incarceration.

**Rehabilitation**

Being away from his family and learning a trade while incarcerated will enable Mr. KIEBER OSBALDO ROBLERO MACIAS to have a crime free life. Such treatment can be completed with said sentence.

## VI. The Kinds of Sentences Available (and related costs)

Since in this case only incarceration is available, the cost of this punishment is a relevant consideration. At the rate of $37,448 per year (PSR 13 ¶ 77), any incarceration beyond that which is necessary represents an unjustified expenditure of public funds. This does not even include the medical costs

involved to address Mr. KIEBER OSBALDO ROBLERO MACIAS' debilitating physical condition. Accordingly, it is respectfully submitted that a sentence of forty-eight (48) months is sufficient to accomplish the goals of sentencing at a justifiable cost.

## CONCLUSION

For the reasons stated herein, Mr. KIEBER OSBALDO ROBLERO MACIAS respectfully asks this Court to impose a guideline sentence of forty-eight (48) months. Such a sentence is reasonable in light of the advisory guideline range and the factors set forth at 18 U.S.C. § 3553(a).

DATED this 27th day of November 2019.

> Respectfully submitted,
>
> /s/William E. Gottfried
> William E. Gottfried, Esquire
> FBN 0477974
> Attorney for KIEBER OSBALDO
> ROBLERO MACIAS

## Certificate of Service

I hereby certify that on 27th November, 2019 I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system was forwarded to all parties of record and to Office of the U.S. Attorney, Middle District of Florida, Tampa Division.

> /s/William E. Gottfried
> William E. Gottfried, Esquire
> FBN 0477974

Attorney for KIEBER OSBALDO ROBLERO MACIAS
1435 Gulf to Bay Blvd., Suite C
Clearwater, Florida 33755
Telephone: (727) 462-5592
FAX No: (727) 462-5593
Email: wgfirm@aol.com