UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

   **vs**                                                     **Docket No.: 8:19-cr-91-35AAS**
**CARLOS EDUARDO FRANCO-PICO**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR REASONABLE SENTENCE

COMES NOW, the defendant, Carlo Eduardo Franco-Pico, by and through undersigned counsel, and files the following sentencing memorandum requesting the imposition of a sentence below the advisory guideline range computed in the Presentence Investigative Report (PSR) as such a sentence would be sufficient, but not greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a). As grounds to support this motion, Mr. Franco-Pico states:

## I. INTRODUCTION

**a. Mr. Franco-Pico's Character and Background**

Mr. Franco-Pico is a 40-year-old loving son and father of four who worked hard as a fisherman in the poverty-stricken town of San Mateo, Manta, Ecuador. Heavily in debt and unable to make ends meet, Mr. Franco-Pico made the very poor decision to commit the offense for which he is before this Honorable Court.

**b. The Offense Conduct**

This case involves six individuals, including Mr. Franco-Pico in a go-fast vessel (GFV) that the United States Coast Guard interdicted in the Eastern Pacific Ocean, approximately 378 nautical miles west of Acapulco, Mexico. Subsequently, law enforcement discovered cocaine

estimated to be in excess of 450 kilograms. The parties were eventually brought to the United States through Tampa, Florida.

Mr. Franco-Pico accepted responsibility by entering into a plea agreement with the Government in the instant case. Thereafter, he allowed law enforcement to debrief him to provide substantial assistance to the Government relating.

## II. GUIDELINES CALCULATION AND MOTION FOR MITIGATING ROLE

The instant offense carries a minimum term of imprisonment of ten years and a maximum term of life. A probationary term of five years of supervised release is required, however, Mr. Franco-Pico is Ecuadorian and was paroled into the United States for prosecution. It is likely he will be deported to Ecuador after serving his prison term.

Mr. Franco-Pico's advisory guideline range, as calculated in the Presentence Investigation Report (PSR) falls at a total offense level of 35 with a criminal history category I. As such, the PSR's advisory guidelines range is 168 to 210 months. That being said, the defense is hopeful the Government will file a §5K1.1 motion to reduce Mr. Franco-Pico's guideline range and is further hopeful the Court will grant the same.

## III. MOTION FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

As this Honorable Court is well aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory. *United States v. Booker*, 543 U.S. 220, 245-267, 125 S. Ct 738 (2005). The use of the guidelines in a roll other than advisory violates the defendant's Sixth Amendment rights. *Booker* at 244-245. Further, there is no legal presumption that the Guidelines sentence should apply. *Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456 (2007).

A district court has the ability and authority to impose a sentence, merely "because the case warrants a different sentence…" regardless of the range calculated by the guidelines. A sentencing

court may impose any sentence it deems appropriate as long as the court properly calculates and considers the guidelines along with the sentencing factors of 18 U.S.C. § 3553(a), before reaching its final decision. *Id.*

As further explained below, Mr. Franco-Picorespectfully suggests that an individualized consideration of the 18 U.S.C. § 3553(a) factors supports the imposition of a below-guidelines sentence.

**a. Nature and circumstances of the offense and the history and characteristics of Mr. Franco-Pico.**

Without downplaying the seriousness of this offense, Mr. Franco-Pico's background plays a significant role in his involvement. A resident of poverty-stricken San Mateo, in Manta, Ecuador, he wanted desperately to better provide for his family. Unfortunately, that desperate decision to participate in a drug-smuggling venture resulted in a much greater tragedy to his family – the absence of a father and son.

Born in Manta, Ecuador, Mr. Franco-Pico's parents did their best to provide a stable life for him and his four siblings. Although money was difficult to come by, love flourished, and continues to flourish to this day. In fact, prior to the case at hand, Mr. Franco-Pico lived with and financially supported his ill mother and father along with his three oldest children – Baker who is 18, Andedi who is 17, and Crystli who is 14. Mr. Franco-Pico's youngest son, Elvis, who is 6, is the subject of a custody battle between Mr. Franco-Pico and his estranged wife.

To say the least, life in San Mateo was a struggle. Prior to completing high school, Mr. Franco-Pico made the difficult decision to withdraw from school to help support his family, trading schoolbooks for fishing poles.

Up until his arrest, Mr. Franco-Pico lived in San Mateo working as a fisherman earning nearly nothing. As mentioned above, he lived there in a house built from sugarcane with his

diabetes- stricken mother and ill father and children. Mr. Franco-Pico built this cane home with plastic room dividers, after the deathly and devastating earthquake occurred in 2016.

    **b. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Undoubtedly, Mr. Franco-Pico recognizes the seriousness of this offense and realizes this Honorable Court should and will punish him accordingly. Factors are present in this case, however, that sufficiently mitigate and support a sentence below the guidelines. As his family's only financial contributor, Mr. Franco-Pico's children and parents will suffer immeasurably while he is incarcerated. A multiple-year sentence of imprisonment given to a non-violent, first-time offender who, after serving such sentence will be deported, will certainly reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

## IV. CONCLUSION

After consideration of the foregoing, Mr. Franco-Pico respectfully requests this Honorable Court impose a sentence below the advisory guideline range.

Respectfully Submitted,

*/s/ Summer Rae Goldman*
Summer Rae Goldman
FBN: 0494615
Goldman Wetzel, PLLC
915 1st Ave. North
St. Petersburg, FL 33705
Telephone: (727) 828-3900
Facsimile: (727)828-3901
Summer@goldmanwetzel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December, 2019, a true and correct copy of the foregoing was furnished using the CM/ECF system with the Clerk of Court, which will send notice of the electronic filing to the following:

Michael Bagge-Hernandez, AUSA

*/s/ Summer Rae Goldman*
Summer Rae Goldman