IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE No.: 8:19-CR-91-T-35AAS |
| | ) | |
| JOSE ARTIAGA HAMA, | ) | |
| Defendants | ) | |
| _____ | ) | |

**SENTENCING MEMORANDUM OF THE DEFENDANT,
<u>JOSE ARTIAGA HAMA</u>**

COMES NOW Defendant, JOSE ARTIAGA HAMA, by and through undersigned counsel,

and hereby submits, that in addition to adopting any legal arguments submitted by Co-Defendants,

the following memorandum of fact and law for consideration by the Court at sentencing:

**I      JOSE ARTIAGA HAMA SHOULD RECEIVE A TWO-LEVEL
REDUCTION IN HIS SENTENCE AS A MINOR PARTICIPANT, AS HIS
PARTICIPATION WAS SOLELY AS A MARINER FOR A
COCAINE ORGANIZATION, AND HIS INVOLVEMENT WAS
SUBSTANTIALLY LESS THAN OTHERS IN THIS CASE.**

Under USSG 3B1.2(b), a defendant who is a minor participant in a criminal activity is

permitted to receive a two-level reduction in his guidelines calculation.   Mr. Artiaga Hama's

position is: a person whose participation level in a drug trafficking offense is confined to

transporting the drugs and who culpability is limited to the amount of drugs he transported.   Under

the facts of this case, the Defendant certainly was not a leader or organizer of any drug activity.

These people are in Columbia.   The Defendant did not materially participate in the purchase,

acquisition, sales negotiations, did not directly distribute or retail the drugs, nor did he receive a

percentage of the profits from the transaction.      In fact, he was delivering the drugs for a cocaine

organization, and did not receive any proceeds.   In addition, the Defendant was not a captain, or

mechanic, aboard the vessel.   When comparing his role to that of the captain, or mechanic, he is clearly less culpable.   As such, he should receive a two-level reduction for his minor role participation.

**II       UNDER 18 U.S.C. §3553(a) (1)-(7), THE COURT SHALL IMPOSE A SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSES SET FORTH IN PARAGRAPH (2) OF THIS SUBSECTION.**

**GROUNDS FOR A VARIANCE:**

While this Court must still correctly calculate the guideline range, (*See Gall v. United States*, 552 U.S. 38, 49 (2007)); it may not treat that range as mandatory or presumptive.   *Id*.   at 51; *See Also Nelson v. United States*, 555 U.S. 350, 352 (2009).   The Sentencing Court must treat it as "one factor among several" to be considered in imposing an appropriate sentence under § 3553(a).      *See Kimbrough v United States*, 552 U.S. 85, 90 (2007).   The Court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," *id.* at 49-50, and explain how the facts relate to the purposes of sentencing.   *Id.* at 53-60;   *See Also Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011).   The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing."   *Id*. at 101; *Pepper*, 131 S. Ct. at 1242-43.

A key component of Supreme Court law, designed to ensure that the guidelines are truly advisory and constitutional, is the authority of this Court to disagree with a guideline as a matter of policy.   Because "the Guidelines are now advisory . . . , as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, *supra*, 552 U.S. at 101-02; (citing *Rita v. United States*, 551 U.S. 338, 351 (2007); district courts may find that the "Guidelines sentence itself fails properly to reflect §

3553(a) considerations").   As the Supreme Court held in *Kimbrough*:

> " [B]ecause the cocaine Guidelines, like all other Guidelines, are advisory only,"….it "would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case."

*Kimbrough*, *supra*, 552 U.S. at 91, 109-10;

This Court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."   <u>See</u> 18 U.S.C. § 3553(a)(6).  Whether any difference among sentences is warranted or unwarranted depends on the individual circumstances of each case and their relationship to the purposes of sentencing. "Unwarranted disparity is defined as different treatment of *individual* offenders who are similar in relevant ways, or similar treatment of *individual* offenders who differ in characteristics that are relevant to the purposes of sentencing."   U.S. Sentencing Commission, "*Fifteen Years of Guidelines Sentencing:   An Assessment of How Well the Federal Criminal Justice System Is Achieving the Goals of Sentencing Reform*" at 113 (2004).

As stated in the Presentence Investigation Report, paragraph #86, under 18 U.S.C. § 3553(a)(1): the history and characteristics of the defendant, i.e. impoverished upbringing, may be considered by the Court in determining if a sentence below the advisory guideline is warranted. Based upon the foregoing, the Defendant believes that he does qualify for a downward variance in his sentence.

## CONCLUSION

The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing."   *Id*. at 101; *Pepper*, 131 S. Ct. at 1242-43. Additionally, the Court must consider the "need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). For the reasons previously stated, the Defendant would request the Court grant his above-stated objections and consider a downward departure/variance, pursuant to 18 U.S.C. §3553, based upon the information provided herein.

Respectfully Submitted,

*s/ David A. Dee*
DAVID A. DEE, ESQUIRE
311 S. Brevard Avenue
Tampa, Florida 33606
(813) 258-0406
Florida Bar No. 397891
daviddeelaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael C. Bagge Hernandez, AUSA
Assistant United States Attorney
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602

*s/ David A. Dee*