**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.     CASE NO. 8:19-cr-91-T-35AAS

**JESUS SOTO-MARTINEZ**
_____/

**SENTENCING MEMORANDUM ON**
**BEHALF OF JESUS SOTO-MARTINEZ**

The Defendant, JESUS SOTO-MARTINEZ, by and through the undersigned counsel, hereby files this, his Sentencing Memorandum setting forth the factors that the Court may consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

### I.     Case Overview

On November 20, 2019, Mr. Soto-Martinez appeared before United States Magistrate Judge Amanda Arnold Sansone and entered a plea of guilty to the following counts of the superseding indictment against him:

    Count 1:    Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine While Aboard a Vessel Subject to the Jurisdiction of the United States" in violation of 46 U.S.C. §§70503(a) and 70506(b) and 21 U.S.C. §960(b)(1)(B)(ii),

    Count 3    Forcibly Resist, Oppose, Prevent, Impede, Intimidate, and Interfere with a Boarding or Other Law Enforcement Action Authorized by any Federal Law" in violation of 18 U.S.C. §2237(a)(2)(A),

    Count 4:    Knowingly Use Fire to Commit a Felony Offense" in violation of 18 U.S.C. §844(h)(1).

Page **1** of **7**

Sentencing is currently Scheduled for Tuesday, September 2, 2020 at 9:30 a.m. before the Honorable Mary S. Scriven, United States District Court Judge.

The mandatory minimum term of imprisonment on Count One is ten years and the maximum term is life. The mandatory minimum term of imprisonment on Count Three is not more than five years, a fine of up to $250,000.00, a term of supervised release of not more than three years, and a special assessment of $100.00. The mandatory minimum term of imprisonment on Count Four is ten years and the maximum term is life, *consecutive to Counts One and Three*, a fine of up to $250,000.00, a term of supervised release of not more than three years, and a special assessment of $100.00.

Based upon a total adjusted offense level of 37 and a criminal history category of I, Mr. Soto-Martinez's guideline range is 210 to 262 months imprisonment, *plus* a mandatory consecutive term of imprisonment of 10 years on count four. In this case, if the Court were to impose a sentence at the low end of the guidelines for counts one and three, plus a ten-year consecutive mandatory minimum sentence on count four, this would result in a sentence of 27.5 *years* imprisonment for Mr. Soto-Martinez in this matter. After serving this sentence, he would then be deported to Mexico as a man in his late 60s. In light of the facts and circumstances of this case, such a sentence would be unreasonable and would be far greater than necessary to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

Accordingly, Mr. Soto-Martinez is requesting that the Court impose a variance in this case, such that his sentence would be only a mandatory minimum of ten years on counts one and three plus the required mandatory minimum term of ten years consecutive on count four for a total of 20 years imprisonment, as opposed to 27.5 years imprisonment. Such a sentence would be sentence sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18

U.S.C. §3553(a).

## II. Sentences Received by Co-Defendants

In this case, Mr. Soto-Martinez's co-defendants have been sentenced as follows:

| Defendant | Sentence | Date of Sentencing |
| --- | --- | --- |
| Jasiel Omar Ayala-Torres | 60 months imprisonment | September 24, 2019 |
| Kieber Osbaldo Roblero-Marcias: | 41 months imprisonment | December 16, 2019 |
| Carlos Eduardo Franco-Pico, | 41 months imprisonment | December 17, 2019 |
| Jose Luis Artiaga-Harma: | 41 months imprisonment | January 9, 2020 |
| Jose Cesar Varges-Merida | Not yet sentenced. | Sentencing set for September 2, 2020 at 10:30 a.m. |

In considering the 18 U.S.C. §3552(a) factors, the district court should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3552(a)(6). Accordingly, Mr. Soto-Martinez requests that this Court consider imposing a sentence in his case that is consistent with the sentences that the Court has previously imposed for his co-defendants.

## The Defendant's Background

Mr. Soto-Martinez was born on May 5, 1979 in Michoacán, Mexico. He and his four siblings were raised in poverty and food and clothing were minimal. His parents were married but separated over twenty years ago and his Father recently passed away from cancer while Mr.

Soto-Martinez was incarcerated for this case. Mr. Soto-Martinez is close with his Mother, supports her financially when possible and calls her monthly. She is a street vendor who sells food in Michoacán, but suffers from neck and back problems.

Mr. Soto-Martinez's father was an alcoholic who physically abused his wife and children, including Mr. Soto-Martinez, sometimes to the point of bleeding or hospitalization. He and his siblings often went hungry when his Father was unable to fish. Mr. Soto-Martinez completed the third year of secondary school (the Mexican educational system equivalent to the ninth grade) in Michoacán, Mexico. His primary language is Spanish, and he is unable to speak English. Mr. Soto-Martinez describes his overall physical health as good, however, he has recently been suffering from a painful cyst on his chest.

Mr. Soto-Martinez has worked primarily as a fisherman from the age of sixteen until his arrest in this case. In an average week, he would earn approximately 200 Mexican pesos, the equivalent of about $10.00 in U.S. currency. He also worked as a migrant worker in California from 1997 until 2001, earning approximately $30.00 to $40.00 per day. From 2014 to 2017, Mr. Soto-Martinez worked as a tourist boat captain in Cabo San Lucas, Mexico. Upon his return to Mexico, he would like to learn English and to find work as a welder.

According to the Pre-Sentence Investigation Report, Mr. Soto-Martinez is married to Ruth Ryes-Mojaraz. He and his wife have one daughter, Gracia Soto-Reyes, who is 15 years old and is in eighth grade. Mr. Soto-Martinez also has a son from a previous relationship, Jesus Soto-Olgin, who is 14 years old and is in seventh grade. He is involved in the lives of both of his children and has good relationships with both of them.

Mr. Soto-Martinez has an extensive history of substance abuse. He admits that he first used alcohol when he was sixteen years old and would drink two to three times per week until his

arrest in February of 2019. He also used marijuana and methamphetamine regularly and frequently until his arrest in this case. He admits that his drug and alcohol use negatively impacted his finances, employment and his relationship with his wife. He reported attending substance abuse rehabilitation in Mexico, however, he relapsed within two months after completing the program.

Paragraph 63 of the Pre-Sentence Investigation Report states that "[t]he defendant expressed that he is willing to undergo substance abuse treatment." Upon reflection, Mr. Soto-Martinez realizes that, given his history of drug and alcohol abuse, substance abuse treatment would benefit him, and he is requesting that the Court recommend him for such treatment while he is incarcerated in the Federal Bureau of Prisons.

### III. Conclusion

In this case, Mr. Soto-Martinez has entered a plea of guilty to the following counts of the superseding indictment against him:

Count 1: Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine While Aboard a Vessel Subject to the Jurisdiction of the United States" in violation of 46 U.S.C. §§70503(a) and 70506(b) and 21 U.S.C. §960(b)(1)(B)(ii),

Count 3 Forcibly Resist, Oppose, Prevent, Impede, Intimidate, and Interfere with a Boarding or Other Law Enforcement Action Authorized by any Federal Law" in violation of 18 U.S.C. §2237(a)(2)(A),

Count 4: Knowingly Use Fire to Commit a Felony Offense" in violation of 18 U.S.C. §844(h)(1).

Based upon a total adjusted offense level of 37 and a criminal history category of I, Mr. Soto-Martinez's guideline range is 210 to 262 months imprisonment, plus a mandatory consecutive term of imprisonment of 10 years on count four. If the Court were to impose a sentence at the low end of the guidelines for counts one and three, plus a ten-year consecutive mandatory

minimum sentence on count four, this would result in a sentence of 27.5 *years* imprisonment for Mr. Soto-Martinez, after which he would be deported to Mexico as a senior citizen.

Accordingly, Mr. Soto-Martinez is requesting that the Court impose a variance in this case, such that his sentence would be only a mandatory minimum of ten years on counts one and three plus the required mandatory minimum term of ten years consecutive on count four for a total of 20 years imprisonment, as opposed to 27.5 years imprisonment. Such a sentence would be sentence sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

Mr. Soto-Martinez also requests that the Court consider recommending him for the Federal Bureau of Prisons Residential Drug and Alcohol Program given his long history of drug and alcohol abuse.   Finally, Mr. Soto-Martinez requests that the Court recommend him for courses to learn English, high school equivalency courses and vocational training, welding or another similar skilled trade. .

Respectfully submitted,

*Geoffrey R. Cox*
**GEOFFREY R. COX, ESQUIRE**
Florida Bar Number: 0125600
*Cox & Associates, Attorneys at Law, P.A.*
29160 Chapel Park Drive
Wesley Chapel, FL 33543
Telephone: (813) 973-4910
Facsimile: (813) 907-3560
Email: gcox@coxlawfl.com
Attorney for Defendant,
JESUS SOTO-MARTINEZ

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF to: Nicholas G. DeRenzo, Assistant United States Attorney, on this 21st day of August,

2020.

*/s/ Geoffrey R. Cox*
**GEOFFREY R. COX, ESQUIRE**